UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROSALINDA RYAN,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    NO. EP-20-CV-00176-LS |

## MEMORANDUM OPINION AND ORDER

Plaintiff appeals the denial of her application for disability insurance benefits. The parties consent to my determination of the case under 28 U.S.C. § 636(c) and Appendix C of the Local Court Rules for the Western District of Texas. I **AFFIRM** the Commissioner's decision denying Ryan's application.

### I.    Facts and Proceedings

Ryan alleges she became disabled on February 23, 2016 because of neck, shoulder, back, hip, and knee problems.[1] An Administrative Law Judge ("ALJ") held a hearing on May 3, 2019 and heard testimony from Ryan, who was represented by counsel, and a vocational expert ("VE").[2] In an opinion dated August 13, 2019, the ALJ determined that Ryan was not disabled within the meaning of the Social Security Act.[3] The Appeals Council denied her request for review on May 19, 2020, making the decision of the ALJ the final decision of the Commissioner.[4] Ryan argues in this appeal that the ALJ disregarded objective medical evidence of Ryan's alleged chronic pain syndrome.

---

[1] R:108.
[2] R:55-105.
[3] R:33-48.
[4] R:1-6.

II.   Discussion

    A.   Legal Standards

Judicial review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole; and (2) whether the Commissioner applied the proper legal standard.[5] Substantial evidence "is more than a mere scintilla and less than a preponderance."[6] The Commissioner's findings will be upheld if supported by substantial evidence.[7] In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work.[8]

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical evidence; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.[9] A court cannot, however, reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's.[10] The Commissioner, not the courts, must resolve conflicts in the evidence.[11]

---

[5] *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).
[6] *Hill v. Berryhill*, 718 F. App'x 250, 253-54 (5th Cir. 2018) (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th 2002)).
[7] *Masterson*, 309 F.3d at 272.
[8] 20 C.F.R. § 404.1520; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).
[9] *Perez*, 415 F.3d at 462.
[10] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).
[11] *Id.*

B.     **Residual Functional Capacity**

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations.[12] The responsibility to determine a claimant's RFC belongs to the ALJ.[13] The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record.[14] The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.[15] An RFC finding is used to determine if the claimant can still do his or her past jobs.[16] If the claimant cannot, the RFC is then used to determine whether the claimant can do other jobs in the national economy.[17]

C.     **The ALJ's Findings**

In this case, the ALJ found that Ryan's severe impairments were "lumbar spine spondylolisthesis; right shoulder tear, status post repair; cervical spine anterolisthesis; and obesity."[18] They were not, however, individually or in combination severe enough to meet or equal an impairment listed in the appendix to the regulations.[19] The ALJ found that Ryan could still perform "light work,"[20] with certain limitations, including secretarial work.[21] Accordingly, the ALJ found

---

[12] 20 C.F.R. § 404.1545(a)(1).
[13] *Id*. at § 404.1546(c); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).
[14] *Perez*, 415 F.3d at 461-62.
[15] *See* 20 C.F.R. §§ 404.1529(d)(4), 404.1545(a)(2).
[16] *Perez*, 415 F.3d at 462; 20 C.F.R. § 404.1520(e).
[17] *Id*.
[18] R:36.
[19] R:39-40.
[20] R:40-46. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).
[21] R:46-48.

Ryan not disabled and not entitled to disability insurance benefits.[22]

### D.  Disregarding medical evidence of chronic pain syndrome.

Ryan argues that the ALJ "failed to discuss the medical evidence of chronic pain syndrome from WBAMC (William Beaumont Army Medical Center) and the Texas Pain Management Center"[23] and that such failure corrupted the RFC analysis. I note initially that Ryan never raised chronic pain syndrome as an impairment or basis for disability until this appeal. Ryan's counsel did not include chronic pain syndrome when asked to list Ryan's impairments during the hearing[24] and failed to raise it as an issue when seeking Appeals Council review.[25]

The WBAMC records Ryan cites are twenty pages-worth of Ryan's WBAMC pharmacy records and another single page with chronic pain syndrome listed as one of Ryan's thirty-four historical medical "[p]roblems," which for context also includes acne, insomnia, and immunizations.[26] The record also fails to support Ryan's contention that the Texas Pain Management Center records show that "Dr. Diaz Payan…assessed [Ryan] with …chronic pain syndrome."[27] These records instead show that Ryan reported to Dr. Efrain Rivera constant back pain[28] and include a medical billing code from Dr. Rivera for "[c]hronic pain of both knees."[29] The records Ryan cites, however, do not include any actual diagnosis of chronic pain syndrome. But even if they did, a diagnosis of chronic pain syndrome, standing alone, would not establish the presence of work-related limitations.[30]

---

[22] R:48.
[23] ECF No. 10, at 3.
[24] R:63-65.
[25] R:213-15.
[26] R:1382-95; 1499-1500; 1540; 1571-73; 1576; 1579.
[27] ECF No. 10, at 2-3 (citing R:963, 1060-63, 1167-1189).
[28] R:1060.
[29] R:1063.
[30] *See Harrell v. Brown*, 862 F.2d 471, 481 (5th Cir. 1988).

The ALJ undertook a comprehensive review of Ryan's entire medical record and found that she had the RFC to do "light work" with some limitations.[31] In generating this RFC and fashioning Ryan's limitations, the ALJ took particular note of Ryan's reports of pain.[32] The ALJ then painstakingly examined and discussed medical records belying Ryan's "statements concerning the intensity, persistence, and limiting effects of her symptoms."[33] My review of the record reflects that substantial evidence supports the ALJ's decision and she applied the proper legal standards.

## Conclusion

The ALJ properly considered all the medical evidence in this case, substantial evidence supports her decision, and there is no legal error.

**AFIRMED**.

**SIGNED** and **ENTERED** December 16, 2021.

**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] R:40-46.
[32] R:41 ("She testified she experiences constant, severe pain throughout her whole body...The claimant reports a long history of painful limitations in her neck, back, hips and right shoulder.").
[33] R:43.